639 F.2d 493
 MULTISTATE TAX COMMISSION, Eugene F. Corrigan, Executive
Director of the Multistate Tax Commission, and the
Member States of the Multistate Tax
Compact, Petitioners-Appellees,
v.
INTERNATIONAL HARVESTER COMPANY, Respondent-Appellant.
 No. 78-3746.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 11, 1980.
Decided Feb. 9, 1981.
 
 William D. Dexter, Olympia, Wash., for petitioners-appellees.
 Thomas Ambrose, Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, for respondent-appellant; Richard E. Hall, Boise, Idaho, on brief.
 Appeal from the United States District Court for the District of Idaho.
 Before MERRILL and POOLE, Circuit Judges, and BROWN,* District judge.
 PER CURIAM:
 
 
 1
 This is an appeal by International Harvester Company (IHC) from an order of the United States District Court of Idaho requiring IHC to comply with a summons to produce records to agents of the Multistate Tax Commission (MTC), the administrative body which enforces the Multistate Tax Compact (the Compact).
 
 
 2
 IHC raises two issues in this appeal. First it argues that a change in the by-laws of the MTC invalidates both the MTC and the Compact. Second, it argues that it was entitled to an evidentiary hearing to determine whether the summons for the proposed audit which is the subject of this suit was unreasonable, unnecessary, or constituted harassment of IHC to discourage it and other corporations from appealing a district court decision upholding the validity of the MTC. See United States Steel Corporation v. Multistate Tax Commission, 417 F.Supp. 795 (S.D.N.Y.1976) (three-judge panel), aff'd, 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978). We find both of these contentions without merit.
 
 
 3
 We hold first that IHC has no standing to challenge a by-law which changes the internal voting provisions of the Compact.[1] IHC has not alleged that the Commission has taken or failed to take any action affecting it as a result of the by-law, nor does it allege that were the by-law invalidated the Commission would not conduct the audit which IHC now seeks to avoid. IHC has failed to establish on this record that its legal rights or interests have been injured as a result of this change. See Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).
 
 
 4
 As to the evidentiary hearing on the question of harassment, we find no indication from the record that IHC's allegations raised sufficient doubt to require the district court to have conducted a hearing. See United States v. Church of Scientology of California, 520 F.2d 818, 825 (9th Cir. 1975). Moreover, the order issued by the district court on October 3, 1978, gives IHC the opportunity to apply to that court for relief from any subsequent harassment that might result from the enforcement of the summons. The order explicitly states that the district court has retained jurisdiction over the matter to resolve any disputes which may arise between the MTC and the audited companies concerning the terms of the order or the applicable statutes of limitation. Further, the order by its terms limits the MTC to obtaining books, records, accounts and other documents that are "reasonably necessary" for the audit, to be produced "at such time and place" as the parties agree, and the MTC represents to us that production at IHC's home office would constitute compliance.
 
 
 5
 The order of the district court is affirmed.
 
 
 
 *
 Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 MTC by-law § 5(e), at issue here, was adopted when California joined the Compact. It provides:
 "To be adopted, all matters voted upon must receive both a majority of the number of member states and a majority of the total population of all the members states according to the current United States statistical abstract."
 Prior to the adoption of this by-law, article VI(1)(c) governed, requiring only a simple majority of member states before action could be taken by the Commission.